UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN RATCLIFF, INDIVIDUALLY AND AS REPRESENTATIVE OF THE CLASS | CIVIL ACTION |
| VERSUS | |
| MEDSOUTH RECORD MANAGEMENT, LLC | NO. 08-718-C-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, February 12, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN RATCLIFF, INDIVIDUALLY AND AS REPRESENTATIVE OF THE CLASS | CIVIL ACTION |
| VERSUS | |
| MEDSOUTH RECORD MANAGEMENT, LLC | NO. 08-718-C-M2 |

### MAGISTRATE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion Pursuant to F.R.C.P. 12(b)(3) and Motion to Transfer Pursuant to 28 U.S.C. §1406(a) (R. Doc. 2) filed by defendant, MedSouth Records Management, LLC ("MedSouth"). Plaintiff, Susan Ratcliff, individually and as representative of the class ("plaintiff"), has filed an opposition (R. Doc. 4) to MedSouth's motion.

### FACTS & PROCEDURAL BACKGROUND

This class action lawsuit, which was filed in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on September 29, 2008, arises from payments made by plaintiff, and others similarly situated, as a result of charges by MedSouth for the release of medical records that were allegedly in excess of those charges allowable under Louisiana law.[1] The plaintiff, Susan Ratcliff, is alleged to be a resident of Baton Rouge,

---

[1] The class, as defined in the petition, is "[a]ll individuals and legal entities who have paid to the Defendant sums invoiced by the Defendant that are beyond those charges authorized by La. R.S. 40:1299.96 for the production of 'medical, hospital or other record[s]' within the State of Louisiana."

1

Louisiana. The sole defendant, MedSouth, is a Louisiana limited liability company located in Mandeville, Louisiana. On November 4, 2008, MedSouth removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332, 28 U.S.C. §1441(a) and (b), and §1453.

MedSouth has now filed the present motion seeking to have this matter transferred to the U.S. District Court for the Eastern District of Louisiana pursuant to 28. U.S.C. §1406(a). MedSouth contends that venue is not proper in this district under 28 U.S.C. §1391(a)(1) because it does not reside in the Middle District of Louisiana, but instead, it resides in the Eastern District of Louisiana. MedSouth further contends that venue is proper in the Eastern District under 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to the plaintiff's claims in this matter occurred in the Eastern District.

## **LAW & ANALYSIS**

In her opposition, plaintiff first argues that MedSouth's motion to transfer should be denied because venue of removed actions, such as the present matter, is governed by 28 U.S.C. §1441, rather than 28 U.S.C. §1391. Plaintiff is correct. MedSouth's reliance upon 28 U.S.C. §1406(a) and 28 U.S.C. §1391 is misplaced. In accordance with the plain language of §1406(a),[2] a court may only act pursuant to that statute when a case is *filed* in the wrong venue. While questions of venue are generally resolved in accordance with §1391, when a case is removed from state court to federal court, the removal statute, 28

---

[2] Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).

2

U.S.C. §1441, dictates venue.  *Kotan v. Pizza Outlet, Inc.*, 400 F.Supp.2d 44 (D.D.C. 2005), citing *Polizzi v. Cowles Magazines*, 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953).  Section 1441(a) expressly provides that "the district court of the United States for the district and division embracing the place where such action is pending" is the proper venue of a removed action.  28 U.S.C. §1441(a).  Because this case was filed in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and the defendants voluntarily removed it to this federal district which embraces that state court, this Court is the proper venue under §1441(a).  *See, Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F.Supp. 317, 320 (S.D. Miss. 1989)("[D]efendant's voluntary application for removal confers venue over him.").[3]  Thus, MedSouth's motion to transfer pursuant to §1406(a) on the basis of improper venue lacks merit.  *See*, 14C Charles Alan Wright, et al., Federal Practice and Procedure §3726, at 123-24 (3d ed. 1998)(explaining that, after an action is removed pursuant to §1441, objections to venue based upon §1406(a) are

---

[3] *See also, Willner v. Thompson*, 285 F.Supp. 394 (D.C.N.Y. 1968)(Venue of a removed action is governed by the statute permitting removal to the district court for the district embracing the place where the action is pending, §1441(a), not by the statute requiring that a civil action be brought in federal courts only in the judicial district where all plaintiffs or all defendants reside, §§1391(a, b)); *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002); *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998); *Warren Bros. Co. v. Community Bldg. Corp. of Atlanta*, 386 F.Supp. 656, 662 (M.D.N.C. 1974); *Tanglewood Mall, Inc. v. Chase Manhattan Bank (Nat. Ass'n)*. 371 F.Supp. 722, 725 (W.D.Va. 1974), *aff'd without opinion*, 508 F.2d 838 (4th Cir. 1974), *cert. denied*, 421 U.S. 965, 95 S.Ct. 1954, 44 L.Ed.2d 452; *Lundahl v. Public Storage Management, Inc.*, 2003 WL 1232593 (10th Cir. 2003); *Tamminga v. Suter*, 213 F.Supp. 488 (D.C.Iowa 1962).

inapplicable even if venue is improper under §1391).[4] [5]

---

[4] For a similar case, See, *Quick v. Coale, Cooley, Lietz, McInerny & Broadus, P.C.*, 212 F.R.D. 299 (M.D.N.C. 2002)(The defendants argued that §1391, the general venue statute, governed the question of proper venue in the removed action. They contended that the court lacked venue because, contrary to the requirements of §1391(a)(1), not all of the defendants in the case resided in North Carolina, and contrary to §1391(a)(2), a "substantial part of the events or omissions giving rise to the claim" did not occur in the Middle District of North Carolina. The court held that, regardless of whether the defendants were correct in those assertions, their argument that §1391 applied at all could not be sustained. The court explained that the jurisprudence is well-settled that venue of removed actions is determined by §1441(a), as opposed to §1391. The fact that the federal court to which the action is removed might not have been an appropriate venue if the action had been brought there initially is irrelevant. Because the plaintiffs filed the case in the North Carolina General Court of Justice, Superior Court Division, Richmond County, the defendants timely removed the case pursuant to §1441 and §1446, and the Middle District of North Carolina embraced Richmond County, the U.S. District Court for the Middle District of North Carolina was the proper venue for the action).

[5] The Court agrees with plaintiff that the cases cited by MedSouth (on page 2 of its supporting memorandum) for the proposition that §1391 applies to actions removed to federal court pursuant to CAFA are distinguishable from the present case, in that all of those cases deal with motions to transfer to a more convenient forum pursuant to 28 U.S.C. §1404(a), whereas this case involves a motion to transfer from an allegedly improper venue to a proper venue pursuant to 28 U.S.C. §1406(a). Those cases do not stand for the proposition that venue in a removed class action is controlled by §1391. Instead, they simply indicate that an action may be transferred pursuant to §1404(a) to a more convenient forum if the desired venue is a proper venue under §1391.

To the extent MedSouth seeks to transfer pursuant to §1404(a), it needs to file another motion pursuant to that statute, wherein it specifically addresses the various factors that must be considered in a *forum non conveniens* analysis. See, *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258 (5th Cir. 2001)(The doctrine of *forum non conveniens* enables a court to decline to exercise jurisdiction if the moving party establishes that the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum); *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008)(In determining whether a 1404(a) venue transfer is appropriate, the court must consider various private and public interest factors. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practice problems that make trial of a case easy, expeditious and inexpensive." The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having

4

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion Pursuant to F.R.C.P. 12(b)(3) and Motion to Transfer Pursuant to 28 U.S.C. §1406(a) (R. Doc. 2) filed by defendant, MedSouth Records Management, LLC, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, February 12, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law").